[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 28, 2007
THOMAS K. KAHN
CLERK

No. 07-10791
Non-Argument Calendar

_____

D. C. Docket No. 06-00758-CV-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STUART B. HODGES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 28, 2007)**

Before BARKETT, MARCUS  and WILSON , Circuit Judges.

PER CURIAM:

Stuart B. Hodges, <u>pro se</u>, appeals the district court's order granting the

government's petition to enforce the Internal Revenue Service ("IRS") summons against Hodges, pursuant to 26 U.S.C. §§ 7402(b), and 7406(a), and denying his motion to dismiss. We affirm.

As an initial matter, Hodges' argument that the tax laws are not "positive law" is meritless. Although Title 26 of the United States Code may not have been enacted into positive law, Hodges has not established that there are any inconsistencies between the United States Code and the tax Statutes at Large. Hodges' argument that he was denied access to an Article III court because the magistrate conducted the hearing is also without merit because the district court made the ultimate decision to grant the government's petition and deny Hodges' motion.

We reject the argument that the district court did not have personal jurisdiction over Hodges and violated Hodges' due process and equal protection rights because Hodges admits he is a citizen of Georgia and is domiciled in Georgia. In addition, the record refutes Hodges' arguments that the district court and the magistrate judge ignored his contentions regarding personal jurisdiction. The district court had jurisdiction over the petition pursuant to § § 7402(b) and 7604(a), and it did not err when it granted the government's petition to enforce the IRS tax summons. The IRS satisfied their initial minimal burden for enforcement

2

when it presented the sworn affidavit of the IRS Officer who attested that: (1) the summons was issued in pursuit of the investigation into Hodges' tax liability for the years 1998, 1999, 2000, and 2001; (2) the books, papers, records, or other data sought by the summons were not already in the IRS's possession; (3) the material was necessary to the investigation; and (4) the IRS took all required administrative steps prior to the issuance of the summons. Hodges' arguments that he is not subject to the income tax laws and that the IRS and district court lacked jurisdiction are frivolous and without merit. Further, Hodges waived the argument that the magistrate judge should have recused himself because he did not raise that issue in the district court.

Based upon the foregoing and our review of the record and the parties' briefs, we conclude that the district court did not err when it denied Hodges' motion to dismiss and granted the government's petition to enforce an IRS tax summons against Hodges.

**AFFIRMED**.